IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Steven L. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | Civil File No. 3:06-cv-89 |
| Peter Welte; Jason McCarthy; | ) | |
| James Vigness; Chief of Police | ) | |
| John Packett; Sgt. Officer | ) | |
| Badge #625 - Jacobson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Steven L. Johnson's complaint is before the court for initial review under 28 U.S.C. § 1915A.  Johnson's application to proceed *in forma pauperis* was granted by the Court (Doc. #3).

      Plaintiff is currently incarcerated at the North Dakota State Penitentiary[1].  By Plaintiff's accounts, the official positions of the defendants are as follows:  Defendant Peter Welte is the States Prosecutor; defendant Jason McCarthy is a Grand Forks County Assistant State's Attorney; defendant James Vigness is a police officer with the Grand Forks Police Department ("GFPD"); and defendant John Packett is the GFPD Chief of Police.  These four defendants are being sued in their official and individual capacities.  Plaintiff does not state an employer, official title, the capacity in which he is being sued, or any claims against "Sgt. Officer Jacobson, Badge #625."  Therefore, the claims, if any, against "Sgt. Officer Jacobson, Badge #625" are **DISMISSED.**

---

[1] Plaintiff's complaint states he is incarcerated at the Grand Forks County Correctional Center, but an informal inquiry made by the Court revealed that Plaintiff was, in fact, released to the state penitentiary on August 28, 2007.

Johnson's complaint contains numerous allegations, broken down into four "claims" that are actually a number of allegations against each of the particular defendants:

Claim No. 1: Mr. Welte allowed the States Attorney office to proceed in a criminal case against Johnson, knowing the case was weak and meritless, and also wrongly prosecuted him for failure to register as a sex offender. Johnson further alleges that, as a result of Mr. Welte's conduct, he lost weight and suffered wage loss, emotional stress, depression, "belittled, tarnished, defamed, slandered . . . [and] was impugn, maligned, anathematized, and sabotaged," which caused him to lose his job, business, and automobile (Doc. #4, p. 5-6).

Claim No. 2: Mr. McCarthy prosecuted the case against Johnson, knowing it was meritless. This, he states, caused his name to be "slandered, discredited, vilified, tarnished, smeared, disparaged, sabotaged, [and] denigrated." He claims this resulted in weight loss, as well as the loss of his job, business, and automobile (Doc. #4, p. 6)

Claim No. 3: Officer Vigness arrested Johnson, knowing the arrest was meritless because the victim indicated no force was used (Doc. #4, p. 6).

Claim No. 4: Chief of Police Packett failed to take action after Johnson corresponded that an individual had been using his automobile without his consent, had written checks on Johnson's account, processed a "change of address" in Johnson's name, and proceeded to cash the paychecks that were mailed to him (Doc. #4, p. 7).

It appears that Johnson is claiming, more or less, that he was wrongfully arrested, prosecuted, and imprisoned, and that various defendants allowed or caused other wrongs against Johnson to occur. In fact, it does appear that the underlying case against Johnson was dismissed for insufficient evidence after he spent a considerable amount of time in custody.

Federal courts must review all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The complaint must be dismissed if it or any portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Furthermore, "no action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Johnson states he followed the Grand Forks Correctional Center's grievance procedure, writing several letters to the Chief of Police and speaking with two police officers. The Court questions whether these actions are in line with the grievance procedure and, if so, whether the actions exhausted the administrative remedies. However, because it is not apparent that administrative remedies were *not* exhausted, the Court will not dismiss this claim due to failure to exhaust administrative remedies.

To establish a civil action for deprivation of rights under 42 U.S.C. § 1983, a plaintiff must allege that the defendants deprived him of a constitutional right and that the defendants were acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Defendants are state employees who were acting under color of state law. See West v. Atkins, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"). Although he does not specifically state the constitutional provisions on which his allegations rest, it is assumed that he is arguing he was deprived of the fundamental right to due process of law. See U.S. Const. Amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ."). Therefore, Johnson has alleged a colorable claim under 42 U.S.C. § 1983.

In keeping with the requirement of liberal construction, the Court concludes there may be a "possible theory" upon which relief may be provided. Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). Because the Court may not dismiss the complaint unless it "appears beyond doubt" that Johnson "can prove no set of facts that would demonstrate an entitlement to relief,"

Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999), the Court hereby **ORDERS** the Clerk of Court to serve defendants, Peter Welte, Jason McCarthy, James Vigness, and John Packett with a copy of Johnson's complaint and provide waivers of service.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2007.

/s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Judge